**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION**

In re:

Edrie A. Pfeiffer, Esquire,
Garfinkel and Pfeiffer, P.C. doing business as
Hampton Roads Legal Services,
Prince Law LLC, and
Prince Law LLP

Miscellaneous    16-00702-FJS
Proceeding

## MOTION FOR DEFAULT JUDGMENT

Judy A. Robbins, United States Trustee for Region Four, by counsel, pursuant to Rule 7055(b) of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 7055-1(B), hereby moves the court for entry of default judgment against respondents Prince Law, LLC and Prince Law, LLP. In support of her Motion, the United States Trustee states:

**Procedural History**

1.      On June 14, 2016, the United States Trustee filed fifteen Motions to Examine Debtors' Transactions with their Attorneys and for Sanctions, Civil Penalties and Disgorgement of Fees against Edrie A. Pfeiffer ("Pfeiffer"), Garfinkel & Pfeiffer, P.C., dba Hampton Roads Legal Services ("HRLS"), and Prince Law, LLC (the "Motions").[1]

2.      After a preliminary hearing on the Motions, they were consolidated for administrative purposes into the above-styled Miscellaneous Proceeding by Order entered July 29, 2016 (the "Order"). (Docket Entry 2).

---

[1] Although filed in fifteen separate cases, the Motions are identical. A list of the fifteen cases by debtor name and case number is filed herewith as Exhibit A. The Exhibit also lists the total amounts paid by the debtors, or on their behalf, to Prince Law, LLP and Prince Law, LLC, as stated, under penalty of perjury, in each debtor's Statement of Financial Affairs.

Kenneth N. Whitehurst, III, Esq., AUST, VSB No. 48919
Cecelia Ann Weschler, Esq., VSB No. 28245
Nicholas S. Herron, Esq., NJSB No. 03007-2008, PASB No. 208988
Office of the United States Trustee
200 Granby Street, Room 625
Norfolk, VA 23510
(757) 441-6012

3. On August 4, 2016, the United States Trustee filed an Amended Motion, consolidating the matters alleged in the Motions into this Miscellaneous Proceeding, and added Prince Law, LLP as a respondent.

4. Pursuant to the Order, the United States Trustee served the Amended Motion and Order on Prince Law, LLC and Prince Law, LLP in accordance with Fed. R. Bankr. P. 7004 on August 4, 2016. (Docket Entry 4).

5. The Order required that Prince Law, LLP and Prince Law, LLC each file a response to the Amended Motion within twenty-eight days after its filing. (Docket Entry 2, p. 2).

6. Prince Law, LLC failed to file a response to the Amended Motion.

7. Prince Law, LLP failed to file a response to the Amended Motion.

8. The United States Trustee has made no agreement with Prince Law, LLC or Prince Law, LLP to excuse or postpone the filing of a responsive pleading.

9. Prince Law, LLC is neither a minor nor an incompetent person, and is not in the Military Service of the United States as defined in The Service Members Civil Relief Act of 2003, 50 U.S.C. Appendix §§501-596.

10. Prince Law, LLP is neither a minor nor an incompetent person, and is not in the Military Service of the United States as defined in The Service Members Civil Relief Act of 2003, 50 U.S.C. Appendix §§501-596.

11. On October 21, 2016, the Clerk of this Court entered default against Prince Law, LLC and Prince Law, LLP, pursuant to Fed. R. Bankr. P. 7055 and the Order. *See* (Docket Entries 9, 10).

12. On September 8, 2016, this Court entered a Consent Order Granting Relief in *In re: Fuller*, Case No. 15-33456-KLP, permanently enjoining Prince Law, LLC from filing

bankruptcy cases in the Eastern District of Virginia, both individually, and through any company owned or operated by it. A copy of the Order is filed herewith as Exhibit B.

## Argument

Fed. R. Bankr. P. 7055, incorporating Fed. R. Civ. P. 55, provides for the entry of default judgment when a party against whom a judgment for relief is sought has failed to plead or otherwise defend. *See e.g,. In re Miller*, 145 B.R. 845 (E.D.Va. 1991) (J. Tice). It is made applicable to these contested matters by Fed. R. Bankr. P. 9014(c).

A defendant in default admits the factual allegations contained in the complaint. Fed. R. Bankr. P. 7008(b)(6); *see also, Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006) (noting default has the effect of admitting the factual allegations in the complaint); *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). Default does not, however, constitute an admission of the conclusions of law and is not to be "treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Ryan*, 253 F.3d at 780 (quoting *Nishimatsu Constr. Co., Ltd v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Instead, the court must "determine whether the well-pleaded allegations in [the plaintiff's] complaint support the relief sought in [the] action." *Id*.

Thus, for a party to be entitled to default judgment, the court must be satisfied that three elements have been established: 1. Service of the complaint was effectuated in accordance with the Federal Rules of Bankruptcy Procedure; 2. The party against whom default is sought has failed to plead or otherwise defend; and 3. That the well-plead allegations in the movant's complaint support the relief sought. See *In re Hetrick*, 379 B.R. 612, 618-19 (Bankr. E.D.Va. 2007) (internal citations omitted).

Here, the Order and Amended Motion were timely served on Prince Law, LLP and Prince Law, LLC via first class mail postage fully prepaid as directed in the Order. Neither Prince Law, LLC, nor Prince Law, LLP filed a response, answer, or otherwise defended against the Amended Motion. Both are in default. (Docket Entries 9, 10). The Amended Motion sets forth specific allegations against Prince Law meriting the investigation into their transactions with the debtors named in Exhibit A, and disgorgement of all fees paid by them to Prince Law, as well as their violation of 11 U.S.C. §526.

The well-plead allegations contained in the Amended Motion support the relief sought in this action and are deemed admitted. *See e.g., In re Ryan*, 2011 WL 3320590 *9 (Bankr. E.D.Va. August 11, 2011) (The U.S. Trustee's well plead complaint and deemed admitted allegations satisfy the court that the U.S. Trustee is entitled to relief). Specifically, the United States Trustee has alleged, and it is deemed admitted, that Prince Law, LLC and Prince Law, LLP (collectively referred to in the Amended Motion as "Prince Law") were engaged in a clear and consistent pattern of violating 11 US.C. §526 as "debt relief agencies" whose clients were "assisted persons" as those terms are defined in the Bankruptcy Code. 11 U.S.C. §§ 101(12A) and (3). Accordingly, this Court may impose an appropriate civil penalty against Prince Law, LLP and Prince Law, LLC. 11 U.S.C. §526(c)(5).

The United States Trustee has alleged, and it is deemed admitted, that the fees paid to Prince Law, LLP and Prince Law, LLC exceed the reasonable value of the services rendered by Prince Law. The fees paid to Prince Law are set out in detail in Exhibit A, and total $22,331.00.

WHEREFORE, the United States Trustee respectfully requests that this Court:

A.    Enter default judgment against Prince Law, LLC and Prince Law, LLP;

B.    order that all legal fees paid to Prince Law, LLC and Prince Law, LLP by the

debtors or on their behalf, as set forth in Exhibit A, be returned to the debtors pursuant to 11 U.S.C. §329;

      C.    order that Prince Law, LLP and Prince Law, LLC are to be jointly and severally liable for any return of fees so ordered;

      D.    order that Prince Law, LLP and Prince Law, LLC be jointly and severally liable for a civil penalty pursuant to 11 U.S.C. §526(c)(5), in an amount not less than equal to the amounts paid by the debtors to Prince Law, LLP and Prince Law, LLC, as set forth in Exhibit A, and payable to each debtor in the amount reflected;

      E.    order that all payments to be made by Prince Law, LLC and Prince Law, LLP be made within sixty days of entry of the Court's judgement order; and

      F.    grant such other and further relief as the Court may find appropriate and just.

      RESPECTFULLY SUBMITTED,

      Judy A. Robbins
      U.S. Trustee for Region Four

      By: /s/ Kenneth N. Whitehurst, III

      Kenneth N. Whitehurst, III
      Assistant United States Trustee

## CERTIFICATE OF SERVICE

I certify that on the 14th day of November 2016, service of this Motion on all attorney Users in this case was accomplished through the Notice of Electronic Filing, pursuant to CM/ECF Policy 9 of the United States Bankruptcy Court for the Eastern District of Virginia, Case Management Electronic Case Files (CM/ECF) Policy Statement, Version 09/04/09. I further certify that the Motion was served in accordance with Fed. R. Bankr. P. 7004 on the same date by First Class U.S. Mail, postage prepaid, addressed as follows:

Prince Law Firm, LLC
David L. Prince, Manager
7800 Peters Road, Suite C200
Plantation, FL 33324

Prince Law Firm, LLC
Filings, Inc., Registered Agent
3732 N.W. 16th Street
Ft. Lauderdale, FL 33311

Prince Law, LLP
F.J. Murphy Pepper, Registered Agent
4106 Waterswatch Dr.
Midlothian, Virginia 23113

Prince Law, LLP
David L. Prince, Partner and Managing Member
7800 Peters Road, Suite C200
Plantation, FL 33324

Prince Law, LLP
c/o Jason Searns, Partner and General Counsel
P.O. Box 19430
Plantation, FL 33317

/s/ Kenneth N. Whitehurst, III