## UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

|  |  |
|---|---|
| In re: ) | |
| ) | |
| EDRIE A. PFEIFFER, ESQUIRE, ) | |
| GARFINKEL AND PFEIFFER, P.C., ) | |
|     DOING BUSINESS AS HAMPTON ) | Miscellaneous Proceeding 16-00702-FJS |
|     ROADS LEGAL SERVICES, ) | |
| PRINCE LAW, LLC, ) | |
| PRINCE LAW, LLP, ) | |
| ) | |

### ORDER DENYING MOTION FOR ENTRY OF CONSENT ORDER

This matter comes before the Court upon the Motion for Entry of a Consent Order Against Edrie A. Pfeiffer, Esquire and Garfinkel and Pfeiffer, P.C., Doing Business as Hampton Roads Legal Services (the "Motion for Consent Order"), filed on December 6, 2016, by Judy A. Robbins, United States Trustee for Region Four (the "United States Trustee").

The Motion for Consent Order seeks to settle the Amended Motion to Examine Debtors' Transactions with their Attorneys, and for Sanctions, Civil Penalties and Disgorgement of Fees Against Edrie Pfeiffer, Esq., Garfinkel and Pfeiffer, P.C., DBA Hampton Roads Legal Services, Prince Law LLC, and Prince Law LLP, and Supporting Memorandum (the "Motion to Examine"), filed on August 4, 2016 by the United States Trustee. In the Motion to Examine, the United States Trustee alleges, among other things, that Edrie A. Pfeiffer engaged in a fee sharing agreement with Prince Law, LLC and Prince Law, LLP (collectively "Prince Law"[1]), in violation of 11 U.S.C. §§ 504 and 526. In addition, the United States Trustee's Motion to Examine alleges

---

[1] The United States Trustee refers to these two entities collectively as "Prince Law" because the relationship between them is allegedly unclear. Mot. to Examine ¶ 4-B. For example, the United States Trustee alleges that Ms. Pfeiffer entered into a partnership agreement with Prince Law LLP, yet received client referrals from Prince Law, LLC. *Id.*

that Ms. Pfeiffer violated 11 U.S.C. § 329 by submitting bankruptcy petitions to the Court that failed properly to disclose her referral relationship with Prince Law.

The Motion for Consent Order proposed the following settlement terms:

A. Pfeiffer and HRLS will disgorge to the debtors all attorneys' fees received in the fifteen cases here at issue on or before February 1, 2017;

B. Pfeiffer and HRLS will waive all future payments of attorneys' fees from the chapter 13 trustee in the *Barry* and *Johnson* cases;

C. Pfeiffer will file 15 *pro bono* cases with this Court on or before July 31, 2017, and file a certification with this Court detailing each case so filed;

D. On or before July 31, 2017 Pfeiffer will certify to this Court the completion of 8 hours of CLE in Ethics, as approved by the Virginia State Bar;

E. Pfeiffer and HRLS shall not affiliate in any way with Prince Law, LLC, Prince Law, LLP, their principals, or any or their agents, affiliates, or employees.

ECF No. 45, at 3. The United States Trustee requests that the Court enter the proposed consent order pursuant to 11 U.S.C. §§ 329, 526, 105, and the inherent power of the Court.

The Court convened a hearing on the Motion for Consent Order on December 9, 2016. Counsel for Ms. Pfeiffer and counsel for the United States Trustee appeared at the hearing. Ms. Pfeiffer was also in attendance. At the hearing, counsel for the parties indicated that the settlement reflected the agreement between the parties.

Upon a review of the record and the statements made by the parties at the hearing on December 9, 2016, the Court finds that it is not necessary and appropriate to exercise the Court's authority to carry out the provisions of Title 11 to grant the Motion for Consent Order and enter the proposed settlement order.

Accordingly, and for the reasons stated on the record at the hearing, the Court ORDERS that the Motion for Consent Order is DENIED.

The Clerk shall deliver copies of this Order to Alan B. Rashkind, counsel for the respondent; Edrie Pfeiffer, the respondent; and Ken Whitehurst, the Assistant United States Trustee.

IT IS SO ORDERED.

Dec 16 2016

/s/ Frank J. Santoro

FRANK J. SANTORO
United States Bankruptcy Judge

Entered on docket: Dec 16 2016